06-CV-01770-AF

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CRYSTAL CONSERVATION COALITION, | No. CV6-1770 RSL |
| Plaintiff, | CONSENT DECREE |
| v. | |
| CRYSTAL MOUNTAIN, INC., | |
| Defendant. | |

WHEREAS, Plaintiff Crystal Conservation Coalition, on December 12, 2006, filed a Complaint against Defendant, Crystal Mountain, Inc. ("CMI"), alleging violations of the Clean Water Act, 33 U.S.C. § 1251 et seq., relating to alleged discharges of wastewater from CMI's sewage treatment facility located at the Crystal Mountain Ski Resort in Pierce County, Washington, seeking declaratory and injunctive relief, civil penalties and attorneys fees and costs;

WHEREAS, CMI categorically denies Plaintiff's claims and any liability for the alleged violations; and

CONSENT DECREE - 1

Smith & Lowney, p.l.l.c.
2317 East John Street
Seattle, Washington 98112
(206) 860-2883

1857177.1

WHEREAS, counsel for the parties to this action have engaged in discussions relating to the potential settlement of this litigation, which discussions have included an assessment of the facts surrounding the alleged violations; and

WHEREAS, Plaintiff and CMI agree that settlement of these matters is in the best interest of the parties and the public, and that entry of this Consent Decree without additional litigation is the most appropriate means of resolving these actions; and

WHEREAS, Plaintiff and CMI, by their authorized counsel and without trial or final adjudication of the issues of fact or law, with respect to Plaintiff's claims or allegations, consent to the entry of this Decree in order to avoid the risks of litigation and to resolve the controversy between them.

NOW THEREFORE, without trial of any issue of fact or law, and without admission by the CMI of the facts or violations alleged in the Complaint, and upon consent of the parties, and upon consideration of the mutual promises herein contained, it is hereby

ORDERED, ADJUDGED AND DECREED as follows:

1. This Court has jurisdiction over the parties and subject matter of this action under 33 U.S.C. § 1365(a) and 28 U.S.C. § 1331. Venue is proper in the Western District of Washington under 33 U.S.C. § 1365(c) and 28 U.S.C. § 1391(b) and (c);

2. The undersigned representative for each party certifies that he is fully authorized by the party or parties whom he represents to enter into the terms and conditions of this Decree and to legally bind the party or parties and their successors in interest to it.

3. This Decree shall apply to and be binding upon the parties, and upon the officers,

CONSENT DECREE - 2

Smith & Lowney, p.l.l.c.
2317 East John Street
Seattle, Washington 98112
(206) 860-2883

1857177.1

directors, agents, successors and assigns of the parties and all persons acting on their behalf.

4. No change in ownership or corporate or other legal status of CMI including, but not limited to, any transfer of assets or property shall in any way alter CMI's responsibilities, or the responsibilities or any successor or assign of CMI, under this Decree.

5. Each party agrees to be bound by this Decree and not to contest its validity in any subsequent proceeding to implement or enforce its terms.

6. Until termination of this Decree, CMI shall give written notice of this Decree to any purchaser, lessee, successor in interest ("Transferee") at least thirty (30) days prior to the transfer or conveyance to the Transferee of any ownership, leasehold, operational or other interest in the Crystal Mountain Ski Resort ("Transfer or Conveyance"). CMI shall condition any Transfer or Conveyance upon compliance with the terms and conditions of this Decree. CMI shall notify Plaintiff in writing of such Transferee at least thirty (30) days prior to any Transfer or Conveyance.

7. CMI shall provide a copy of this Decree to each contractor and consultant retained or selected to perform any activity required by this Decree. CMI shall be responsible to ensure that the actions and/or omissions of all persons, firms, or corporations acting at the direction or under the control of CMI at its Crystal Mountain Ski Resort are in compliance with this Decree ("CMI Agents"). In any action to enforce this Decree, CMI shall not raise as a defense the failure by any CMI Agent to take actions necessary to comply with this decree.

8. This Decree shall apply to CMI's operation and/or oversight of the base area wastewater treatment and disposal system at its Crystal Mountain Ski Resort located at or about

CONSENT DECREE - 3

Smith & Lowney, p.l.l.c.
2317 East John Street
Seattle, Washington 98112
(206) 860-2883

1857177.1

33728 Crystal Mountain Boulevard, Crystal Mountain, Washington[1], and all facilities appurtenant to the base area wastewater treatment and disposal system (the "Facility")..

9. This Decree constitutes a full and complete settlement of the claims alleged in the Complaint in this case and all other claims known and unknown existing as of the date of filing of this Decree, that could be asserted under the Clean Water Act, 33 U.S.C. §§ 1251-1387, arising from the Facility identified in paragraph 8 of this Decree.

10. This Decree shall not constitute evidence in any proceeding, an admission or adjudication with respect to any allegation of the Complaint, any fact or conclusion of law with respect to any matter alleged in or arising out of the Complaint, or the admissions or evidence of any wrongdoing or misconduct on the part of the CMI or its successor.

11. In full and complete satisfaction of the claims covered by the Complaint filed in this case and all other claims covered by this Decree, as described in Paragraph 5, CMI agrees to abide by and be subject to the following terms and conditions:

a. Within 60 days of the entry of this Decree, CMI shall submit to the Washington Department of Ecology a complete application for a National Pollutant Discharge Elimination System permit for its wastewater treatment plant discharge. CMI shall simultaneously mail a complete copy of such application and any related submissions to Plaintiff at the address identified in paragraph 10 below. If Ecology chooses not to exercise NPDES jurisdiction over

---

[1] NOTE: This is not the mailing address for CMI. Please see Paragraph 14 below for the proper mailing address.

CONSENT DECREE - 4

Smith & Lowney, p.l.l.c.
2317 East John Street
Seattle, Washington 98112
(206) 860-2883

1857177.1

1  the discharge from the wastewater treatment plant and refuses to grant an NPDES permit for

2  such discharge, then Crystal Mountain will not be obligated to further pursue an NPDES permit.

3      b.    Not later than October 31, 2008, CMI shall have completed engineering plans for

4  a state-of-the-art wastewater treatment facility, and have forwarded a copy of those plans to

5

6  Plaintiff. CMI shall consider in good faith any comments on those plans submitted by Plaintiff,

7  provided that such comments are received within 45 days of Plaintiff's receipt of those plans. In

8  consideration of CMI providing an advance copy of the plans to the Plaintiffs and considering

9  Plaintiffs' comments early in the planning process, Plaintiffs agree not to file, or cause to be

10

11  filed, any objections or negative comments regarding the proposed new wastewater treatment

12  facility during any phase of the permitting process for the new wastewater treatment facility,

13  including but not limited to any required National Environmental Policy Act and/or State

14  Environmental Policy Act review. In the event plaintiffs file or cause to be filed such objections

15

16  or negative comments in contravention of this provision, then this entire Paragraph 11.b shall be

17  null and void. Not later than May 1, 2009, CMI shall have made its final selection of a general

18  contractor to construct that new wastewater treatment facility, and have provided written notice

19

20  to Plaintiff of the identity of that contractor. Not later than July 1, 2010, CMI shall have

21  commenced construction of the new wastewater treatment facility, and provided written notice to

22  Plaintiff that it has done so. Not later than September 30, 2011, CMI shall have completed

23  construction of the new wastewater treatment facility, and provided written notice to Plaintiff

24  that it has done so. Not later than October 31, 2011, CMI shall have online and fully operational

25

26  the new wastewater treatment facility, and shall have provided written notice to Plaintiff that it

27

28  CONSENT DECREE - 5

29

Smith & Lowney, p.l.l.c.
2317 East John Street
Seattle, Washington 98112
(206) 860-2883

1857177.1

has done so. From the date of entry of this Decree through the start up of the new wastewater treatment facility, CMI shall provide written progress reports to Plaintiff no less frequently than once every six months. The written progress reports shall summarize the activities that CMI has undertaken since the last progress report and the activities that CMI plans to undertake in the following year towards compliance with the requirements of this paragraph, and shall include copies of all documents that have been transmitted between CMI and the Washington Department of Ecology that relate to the construction of the new wastewater treatment plant and the operation of CMI's existing Facility. All communications to Plaintiff required by this subparagraph shall be directed to the address identified in paragraph 14 below.

c. CMI shall use its best efforts to convince neighboring septic system users to hook into the new wastewater treatment facility, and shall design and construct the new wastewater treatment facility to provide sufficient capacity to accommodate all existing and potential future hookups.

d. CMI shall construct no new facilities, nor make improvements to existing facilities, that can be anticipated to increase sewer loading (both by season and total volume) until the new wastewater treatment system is online and fully operational. The purpose of this provision is to temporarily prohibit construction or expansion of the following Master Development Facilities listed in Table 4 of Appendix J of the Final Environmental Impact Statement: the Alpine Inn Expansion, the Bullion BaseLodge, the Chapel, Employee Housing, the Fire Station, the Gold Hills Tie-In, Guest Services Building, and the "Hotel," and all parking lots until the new wastewater treatment system is fully functioning. This provision is not

CONSENT DECREE - 6

Smith & Lowney, p.l.l.c.
2317 East John Street
Seattle, Washington 98112
(206) 860.2883

1857177.1

intended to prohibit the construction of other new chairlifts, ski lifts, or improvements to skier services and retail facilities

  e. Not later than October 31, 2010, CMI shall have completed the following projects described in Appendix C to the Final Environmental Impact Statement for the Crystal Mountain Master Development Plan, which is attached, in relevant part, as Attachment 1 to this Decree:

    1. Project 5.3 Silver Creek Bank Stabilization;

    2. Project 5.20 Large Woody Debris Recruitment Potential Acceleration; and

    3. Components of Project 5.12 Monitoring Plan that address Parking Lot B and the wastewater treatment system.

CMI shall complete engineering plans for Projects 5.3 and 5.20, and a copy of those plans shall be made available to Plaintiff upon request. CMI shall accept and consider in good faith any comments on those plans submitted by Plaintiff, provided that such comments are received within 45 days of Plaintiff's receipt of those plans. CMI shall provide written notice to Plaintiff of the identity of the contractor. Not later than October 31, 2010, CMI shall have completed and implemented Projects 5.3, 5.12 and 5.20, and shall have provided written notice to Plaintiff that it has done so. From the date of entry of this Decree through start up of the new wastewater treatment facility, CMI shall provide written progress reports to Plaintiff no less frequently than once every year. The written progress reports shall summarize the activities that CMI has undertaken since the last progress report towards compliance with the requirements of this paragraph. All communications to Plaintiff required by this subparagraph shall be directed to the address identified in paragraph 14 below.

CONSENT DECREE - 7

Smith & Lowney, p.l.l.c.
2317 East John Street
Seattle, Washington 98112
(206) 860-2883

1857177.1

f. Within 30 days of the entry of this Decree, CMI shall pay Plaintiff's reasonable attorney and expert fees and costs in the amount of $13,000.00 (THIRTEEN THOUSAND DOLLARS) by check payable and mailed to Smith & Lowney, PLLC, 2317 East John St., Seattle, WA 98112, attn: Richard A. Smith, in full and complete satisfaction of any claims Plaintiff may have under the Clean Water Act for fees and costs.

12. CMI shall comply with all requirements of this Decree within the time periods specified herein. If any event occurs that is outside of the reasonable control of CMI or an entity controlled by CMI (a "Force Majeure Event" as further defined below), which causes a delay in performing tasks required by subparagraphs 11b. and 11e. of this Decree, the delay shall not constitute a failure to comply with the terms of this Decree, provided that CMI has submitted written notification to Plaintiff no later than fifteen (15) days after the date that CMI first concludes that such event has caused or will cause non-compliance, describing the length or anticipated length of non-compliance, the precise circumstances causing non-compliance, and the measures taken or to be taken to prevent or minimize non-compliance, and a schedule for implementation of the measures to be taken. Failure by CMI to comply with the notice requirements of this Section shall constitute a waiver of CMI's right to obtain an extension of time for its obligations under this Section of the Decree.

Plaintiff will notify CMI in writing of its disagreement with CMI's claim of a Force Majeure Event within fifteen days of receipt of CMI's notice under this section.

If Plaintiff disagrees with CMI's claim of a Force Majeure Event, any party may submit the matter to the Court for resolution no later than thirty (30) days after receipt of Plaintiff's

CONSENT DECREE - 8

Smith & Lowney, p.l.l.c.
2317 East John Street
Seattle, Washington 98112
(206) 860-2883

1857177.1

notice. If CMI submits the matter to the Court for resolution and establishes that the violation was caused by a Force Majeure Event, CMI shall be excused as to that violation, but only for the period of time the violation continues due to such circumstances. CMI shall bear the burden of raising and proving that any delay or violation of any requirement of this Decree was caused by a Force Majeure Event. If a dispute regarding a Force Majeure Event under this Paragraph 12 is submitted to the Court for resolution, the prevailing party shall be entitled to recover attorneys fees and costs related to such proceeding.

A Force Majeure Event shall include, but not be limited to the following, to the extent they are outside the reasonable control of the CMI or an entity controlled by CMI that could not have been foreseen and cannot be overcome by the exercise of due diligence:

  A. Acts of God, war, insurrection, or civil disturbance;

  B. Earthquakes, landslides, floods;

  C. Actions or inactions of third parties over which CMI has no control;

  D. Adverse weather conditions or unusual delay in transportation, excluding conditions caused by reasonably foreseeable mountain weather events or poor cash flows due to lack of snow;

  E. Restraint by court order or order of public authority;

  F. Strikes; and

  G. Any other litigation or arbitration or mediation that causes delay.

Examples of events that shall not constitute a Force Majeure Event include equipment failures, operator errors, and contractor disputes that could be avoided by CMI's due diligence to

CONSENT DECREE - 9

Smith & Lowney, p.l.l.c.
2317 East John Street
Seattle, Washington 98112
(206) 860-2883

1857177.1

anticipate or address such events. Unanticipated or increased costs or expenses associated with implementation of this Decree, changed financial circumstances, or technical infeasibility of complying with the Decree shall not, in any event, serve as a basis for changes in this Decree or extensions of time under this Decree.

Provided that CMI complies with the notice provision of this paragraph, then in the event that CMI fails to comply or anticipates failing to comply with the requirements of subparagraphs 7b. or 7e. of this Decree because of a Force Majeure Event, CMI's failure to comply, as described in the written notice to Plaintiff under this paragraph, shall not be a violation of this Decree and shall not result in any liability or other sanctions. In such event, the milestone date(s) shall be extended for a reasonable period of time not to exceed the actual delay resulting from the Force Majeure Event.

13. The Court shall retain jurisdiction over this matter and allow this case to be reopened without filing fee for the purpose of enabling the parties to this Decree to apply to the Court for any further Order that may be necessary to construe, carry out, enforce compliance and/or resolve any dispute regarding the terms or conditions of this Decree. In the event of any dispute regarding implementation of or compliance with the Decree, the parties shall first attempt to informally resolve the dispute through meetings between the parties. Any party may initiate dispute resolution by serving written notice of a request for dispute resolution. If no resolution is reached within fourteen (14) days from the date that notice of the dispute is served, the parties may resolve the dispute by filing motions with the Court. In the event a motion is made in this Court to enforce the terms of this Decree, the prevailing party shall be entitled to its

CONSENT DECREE - 10

Smith & Lowney, p.l.l.c.
2317 East John Street
Seattle, Washington 98112
(206) 860-2883

1857177.1

reasonable costs of litigation, including reasonable attorney and expert witness fees, so long as an award of such costs of litigation does not result in manifest injustice. Plaintiff and CMI reserve all legal and equitable remedies available to enforce the provisions of this Consent Decree and all applicable law in the future.

14. Any notice or other communication required under the terms of this Decree shall be deemed submitted on the date they are postmarked and sent by certified mail, return receipt requested, to:

For the Plaintiff:

Richard A. Smith
Smith & Lowney
2317 East John Street
Seattle, WA 98112

For CMI:

William Steel
33914 Crystal Mountain Blvd.
Crystal Mountain, WA 98022

15. The parties recognize that no consent judgment can be entered in a Clean Water Act suit in which the United States is not a party prior to 45 days following the receipt of a copy of the proposed consent judgment by the U.S. Attorney General and the Administrator of the U.S. EPA pursuant to 33 U.S.C. § 1365(c)(3). Therefore, upon the signing of this Consent Decree by the parties, Plaintiff shall serve copies of it upon the Administration of the U.S. EPA and the Attorney General.

16. This Decree is not intended to be nor shall it be construed as a permit or

CONSENT DECREE - 11

Smith & Lowney, p.l.l.c.
2317 East John Street
Seattle, Washington 98112
(206) 860-2883

1857177.1

modification of an existing permit. This Decree does not relieve CMI of any obligation to obtain and comply with any federal, state and local permits or other regulatory approvals.

17. This Consent Decree shall take effect on the date it is entered by the Court. This Consent Decree shall terminate on December 31, 2011, or 60 days following completion of all obligations under it, whichever is later.

18. This Consent Decree may be modified only upon the written consent of the parties and the approval of the Court.

19. If for any reason the Court should decline to approve this Decree in the form presented, this Decree and the settlement embodied herein shall be voidable at the sole discretion of either party. The parties agree to continue negotiations in good faith in an attempt to cure any objection raised by the Court to entry of this Decree.

Dated and entered this 20th day of Feb., 2007. /RSL/

_____
UNITED STATES DISTRICT JUDGE

CONSENT DECREE - 12

Smith & Lowney, p.l.l.c.
2317 East John Street
Seattle, Washington 98112
(206) 860-2883

1857177.1

1  We hereby consent to the entry of this Decree in *Crystal Conservation Coalition v.*
2  *Crystal Mountain Inc.*

3  CRYSTAL CONSERVATION COALITION

4  Signature: _Danalle F Hone_

5
6  Title: _PRESIDENT_

7  Dated: _11-10-06_

8

9
10  CRYSTAL MOUNTAIN, INC.

11  Signature: _____

12  Title: _____

13  Dated: _____
14

CONSENT DECREE - 13

Smith & Lowney, p.l.l.c.
2317 East John Street
Seattle, Washington 98112
(206) 860-2883

1857177.1

1  Dated: _Dec 08, 2006_
2
3
4  CRYSTAL MOUNTAIN, INC.
5  Signature: _[signature]_
6  Title: _President_
7
8  Dated: _12/08/06_

28  CONSENT DECREE - 13
              14

Smith & Lowney, p.l.l.c.
2317 East John Street
Seattle, Washington 98112
(206) 860-2883

1857177.1

ATTACHMENT 1

# Watershed Restoration Plan for Crystal Mountain Master Development Plan

*Prepared for:*

**U.S. Forest Service**
Mt. Baker-Snoqualmie National Forest
Mountlake Terrace, Washington

*and*

**Crystal Mountain, Inc.**
Crystal Mountain, Washington

*Prepared by:*

**Jones & Stokes**
Bellevue, Washington

*In association with:*

**SE Group**
Bellevue, Washington

*August, 2004*

needs on USFS system trails to appropriate Mt. Baker-Snoqualmie National Forest (MBSNF) staff. The plan will incorporate the following items identified in the WCA: (1) in wetlands, mark hike/bike trails to minimize wetland crossings; (2) on mountain biking trails, redirect trails to avoid wetlands and caution users via note on summer season trail map; (3) on Trail 1163, install footbridges and culverts; (4) on most trails, minimize erosion via addition/repair of footbridges and culverts, and revegetation using site-appropriate methods.

**Schedule:** Review data in Year 0, develop and begin implementation in Year 1; thereafter ongoing.

### 5.3 Silver Creek Bank Stabilization

**Type:** Aquatic

**Coordination:** MDP

**Objective:** Stabilize the VB1 channel of Silver Creek adjoining Parking Lot B.

**Description:** Restore stream using bioengineering principles identified in the conceptual restoration plan (Jones & Stokes 2000c). The plan includes stabilizing stream banks, creating instream structures with boulders and LWD, restoring existing LWD placements, and planting to enhance riparian functions. A detailed engineering and planting design will be necessary, and will be implemented concurrent with MDP actions along the affected stream. Completed project will be monitored for the term of the MDP. Monitoring will include resurveying channel cross-sections, and checking planting success and LWD structure performance.

**Schedule:** Final design and plan Years 0-1; implementation phased with MDP construction along the reach (e.g. C-15 *Bullion Basin Express* Base Area (Phase 1); lower terminal of C-13 (*Kelly's Gap Express*); Surface Lift 2 (*Pika Tow* on Trail 12B; Parking Lot B Restoration).

### 5.4 Stormwater Management Plan

**Type:** Aquatic

**Coordination:** MDP

**Objective:** Manage stormwater drainage from developed areas to conform with ACSOs.

**Description:** Actions under this plan will improve or redesign stormwater controls in developed base areas, including parking lots. The plan will include a maintenance schedule and monitoring protocol. A conceptual plan is presented in Golder Associates (2002).

| | |
|---|---|
| Coordination: | WCA |
| Objective: | Correct Summit Traverse trail erosion and safety hazard below Summit House. |
| Description: | Recontour trail. |
| Schedule: | Project has been completed; monitoring scheduled in Year 0. Continued treatments at Summit Traverse may be necessary. |

### 5.11 Maintenance Area

| | |
|---|---|
| Type: | Roads |
| Coordination: | WCA |
| Objective: | Stop sediment delivery from maintenance area into adjacent ditch and stormwater drain. |
| Description: | Place sills or sandbags around drain to provide fine sediment deposition area; clean frequently. For ditch control, reconstruct shed and place sills to contain sand. |
| Schedule: | Completed; monitoring scheduled in Year 0. |

### 5.12 Monitoring Plan

| | |
|---|---|
| Type: | Miscellaneous |
| Coordination: | MDP |
| Objective: | Conduct implementation and effectiveness monitoring per Forest Plan Standards and Guidelines. |
| Description: | Implementation phase will address all projects conducted under the MDP. Effectiveness phase will focus on monitoring condition and trends of overall ecosystem health in the Silver Creek watershed, with reference to Desired Future Conditions as discussed in the WCA. Details are available in the Monitoring Plan (SE GROUP and Jones & Stokes 2003a). |
| Schedule: | MDP: Review and prepare in Year 0, implement for term of MDP. |

### 5.13 Magou's Channel Clearing

| | |
|---|---|
| Type: | Aquatic |
| Coordination: | MDP |

| | |
|---|---|
| **Description:** | Modify or replace drainage structure on Deer Fly Ski Trail, as noted in WCA Table 8-4. |
| **Schedule:** | Plan and construct in Years 1 and 2. Implementation monitoring as per plan. Phase with development of Trail 11B (*Cut Over*) or modifications to Summit House access road. |

### 5.19   Habitat Enhancement Structure Reinforcement

| | |
|---|---|
| **Type:** | Aquatic |
| **Coordination:** | MDP |
| **Objective:** | Enhance in-stream habitat by reinforcing habitat enhancement structures that have been damaged, yet remain partially functional. |
| **Description:** | Along middle Silver Creek, reinforce functional and partially functional structures; reclaim fencing from collapsed structures, as feasible. This work will be partially integrated with the more extensive Silver Creek Bank Stabilization project (Jones & Stokes 2000c), and will therefore be detailed in the final plan for that project. |
| **Schedule:** | Final design in Years 0, 1; implementation in Year 2. Implementation phased with MDP construction along the reach (e.g. Bullion Basin Lodge (Phase 1); lower C-13 (*Kelly's Gap Express*); Employee Housing; Wastewater Treatment Plant construction. |

### 5.20   LWD Recruitment Potential Acceleration

| | |
|---|---|
| **Type:** | Aquatic |
| **Coordination:** | MDP |
| **Objective:** | Accelerate recovery of LWD recruitment potential in forests within Riparian Reserves that were previously harvested and have been slow to restock with conifers. |
| **Description:** | Past forest harvest removed tree cover and removed downed wood that provides an essential recruitment substrate for western hemlock, the dominant forest species along Middle Silver Creek. LWD recruitment potential has not recovered in this area because shrubs and hardwood trees, rather than conifers, dominate the riparian forest. A variety of strategies may be used to encourage conifer establishment and growth in this area, including brush and hardwood removal; underplanting with conifers; and providing nurse logs for hemlock seedling establishment. |
| **Schedule:** | Develop detail plan in Years 0 and 1; begin implementation in Year 1 or as appropriate, monitor for term of MDP. |