UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CRYSTAL CONSERVATION COALITION,<br><br>　　　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>CRYSTAL MOUNTAIN, INC.,<br><br>　　　　　　　　　　Defendants. | Case No. C06-1770RSL<br><br>**AMENDED ORDER REOPENING CASE AND SETTING DEADLINE FOR JOINT STATUS REPORT** |

This matter comes before the Court on "Plaintiff's Motion to Reopen Proceedings and to Set Scheduling Conference." Dkt. # 17. Defendant does not oppose the motion. The Court declines to schedule a conference, however, and instead sets the following dates for the parties to confer, disclose witnesses, documents, damage calculations, and insurance agreements, and submit a Joint Status Report and Discovery Plan:

| | |
|---|---|
| Deadline for FRCP 26(f) Conference: | June 5, 2017 |
| Disclosures Pursuant to FRCP 26(a)(1): | June 23, 2017 |
| Combined Joint Status Report and Discovery Plan as Required by FRCP 26(f) and LCR 26(f): | June 30, 2017 |

AMENDED ORDER REOPENING CASE AND SETTING DEADLINE FOR
JOINT STATUS REPORT - 1

1    The deadlines above may be extended only by the Court. Any request for an extension
2 should be made by telephone to Teri Roberts, the judicial assistant, at (206) 370-8810. The
3 parties shall meet and confer before contacting the Court to request an extension.

## II. JOINT STATUS REPORT & DISCOVERY PLAN

All counsel are directed to confer and provide the Court with a combined Joint Status Report and Discovery Plan (the "Report") by June 30, 2017. This conference shall be by direct and personal communication, whether that be a face-to-face meeting or a telephonic conference. The Report will be used in setting a schedule for the prompt completion of the case and the parties are reminded of their obligation to cooperate to secure the just, speedy, and inexpensive resolution of this case. FRCP 1. It must contain the following information by corresponding paragraph numbers:

1. A statement of the nature and complexity of the issues.

2. A proposed deadline for joining additional parties.

3. The parties have the right to consent to assignment of this case to a full time United States Magistrate Judge, pursuant to 28 U.S.C. §636(c) and Local Magistrate Judges' Rule 13 to conduct all proceedings. The Western District of Washington assigns a wide range of cases to Magistrate Judges. The Magistrate Judges of this district thus have significant experience in all types of civil matters filed in our court. Additional information about our district's Magistrate Judges can be found at http://www.wawd.uscourts.gov/judges. The parties should indicate whether they agree that the Honorable Mary Alice Theiler may conduct all proceedings including trial and the entry of judgment. When responding to this question, the parties should only respond "yes" or "no." Individual party responses should not be provided. A

"yes" response should be indicated only if all parties consent. Otherwise, a "no" response should be provided.

4. The existence of any related cases pending in this or other jurisdictions and a proposal for how to handle them.

5. Whether initial disclosures were timely made under FRCP 26(a)(1) and any issues regarding initial disclosures. If, on the due date of the Joint Status Report, all defendants or respondents had not been served, counsel for plaintiff shall state when service will be effected, why it was not made earlier, and a proposed schedule for the required FRCP 26(f) conference and FRCP 26(a)(1) disclosures.

6. What changes, if any, should be made in the timing or form of expert and pretrial disclosures under FRCP 26(a)(2)-(4).

7. The subjects, timing, and potential phasing of discovery, and how the parties intend to manage discovery to promote the expeditious and inexpensive resolution of the case, specifically including consideration of the items set forth in LCR 26(f)(1)(D).

8. Agreements or issues related to the preservation of discoverable information and the scope of the preservation obligation.

9. Whether the case will involve Electronically Stored Information ("ESI"), how the parties intend to preserve and produce ESI, and whether the parties agree to adopt this district's Model Agreement Regarding Discovery of ESI.

10. Whether the case will involve unique or extensive claims of privilege or work product protection. If documents responsive to a discovery request are withheld on a claim of privilege or other protection from disclosure, a privilege log must be produced within the time

frames established for discovery responses.  Simply asserting an objection on the ground of privilege or noting that privileged documents have been withheld is not sufficient.

11. Procedures for handling the inadvertent disclosure of privileged information.

12. What changes, if any, should be made to the limitations on discovery.

13. The date discovery can be completed.

14. Suggestions for the prompt and efficient resolution of the case, such as the phasing of motions to resolve dispositive issues or the bifurcation of liability and damage issues.

15. Whether the parties intend to participate in an alternative dispute resolution process beyond the required settlement conference, such as mediation or the individualized trial program set forth in LCR 39.2.

16. The month the case will be ready for trial.  The Court expects that most civil cases will be ready for trial within one year of filing the Joint Status Report and Discovery Plan. Identify any calendaring conflicts that should be considered when setting a trial date.

17. Whether the case will be jury or non-jury.

18. The number of trial days required.

19. List the dates on which each and every non-governmental corporate party filed its disclosure statement pursuant to FRCP 7.1 and LCR 7.1.

If the parties are unable to agree on any part of the Report, they may answer in separate paragraphs. No separate reports are to be filed.  If the parties wish to have a status conference with the Court at any time during the pendency of this action, they should notify Teri Roberts by telephone at (206) 370-8810.

## III. PLAINTIFF'S RESPONSIBILITY

This Order is issued at the outset of the case, and a copy is sent by the clerk to counsel for plaintiff (or plaintiff, if pro se) and any defendants who have appeared. Plaintiff's counsel (or plaintiff, if pro se) will be responsible for starting the communications needed to comply with this Order.

## IV. ALTERATIONS TO ELECTRONIC FILING PROCEDURES AND COURTESY COPIES

Information and procedures for electronic filing can be found on the Western District of Washington's website at www.wawd.uscourts.gov. Pro-se litigants may file either electronically or in paper form. The following alterations to the Electronic Filing Procedures apply in all cases pending before Judge Lasnik:

- Alteration to LCR 10(e)(9) - Effective July 1, 2014, the Western District of Washington will no longer accept courtesy copies in 3-ring binders. All courtesy copies must be 3-hole punched, tabbed, and bound by rubber bands or clips. If any courtesy copies are delivered to the intake desk or chambers in 3-ring binders, the binders will be returned immediately. This policy does **NOT** apply to the submission of trial exhibits.

- Alteration to Section III, Paragraph M - Unless the proposed order is stipulated, agreed, or otherwise uncontested, the parties need not e-mail a copy of the order to the judge's e-mail address.

- Pursuant to LCR 10(e)(10), all references in the parties' filings to exhibits should be as specific as possible (*i.e.*, the reference should cite the specific page numbers, paragraphs, line numbers, etc.). All exhibits must be marked to designate testimony or evidence referred to in the parties' filings. Filings that do not comply with LCR 10(e) may be rejected and/or returned to

the filing party, particularly if a party submits lengthy deposition testimony without highlighting or other required markings.

### V. PRIVACY POLICY

Pursuant to Federal Rule of Civil Procedure 5.2 and LCR 5.2, parties must redact the following information from documents and exhibits before they are filed with the court:

* Dates of Birth - redact to the year of birth

* Names of Minor Children - redact to the initials

* Social Security Numbers and Taxpayer Identification Numbers - redact in their entirety

* Financial Accounting Information - redact to the last four digits

* Passport Numbers and Driver License Numbers - redact in their entirety

All documents filed in the above-captioned matter must comply with Federal Rule of Civil Procedure 5.2 and LCR 5.2.

### VI. EARLY SETTLEMENT CONSIDERATION AND NOTIFICATION

If settlement is achieved, counsel shall immediately notify Kerry Simonds, Deputy Clerk, at (206) 370-8519. The parties are responsible for complying with the terms of this Order. The Court may impose sanctions on any party who fails to comply fully with this Order.

Dated this 30th day of May, 2016.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

AMENDED ORDER REOPENING CASE AND SETTING DEADLINE FOR
JOINT STATUS REPORT - 6