UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CRYSTAL CONSERVATION
COALITION,

         Plaintiff,

    v.

CRYSTAL MOUNTAIN, INC.,

         Defendants.

CASE NO. C06-1770RSL

ORDER

This matter comes before the Court on "Defendant Crystal Mountain, Inc.'s Motion for Declaration of Substantial Compliance, Clarification or Modification." Dkt. # 46.[1] Defendant seeks a declaration that it has substantially complied with the Modified Consent Decree ("MCD") by designing and constructing a stormwater management plan in a manner consistent with the 2004 Record of Decision ("ROD") issued by the United States Forest Service. Compliance with the enhanced treatment train described in Appendix M to the ROD is required by the MCD (Dkt. # 16 at 6), but the MCD contains additional requirements with which defendant makes no effort to show substantial compliance. As discussed in the Court's "Order Granting Plaintiff's Motion for

---

[1] Plaintiff's request to strike the substantial compliance portion of the motion is DENIED.

ORDER

1  Summary Judgment," defendant has failed to install required stormwater infrastructure,
2  unilaterally substituted quarry spalls for the required grass-lined collection swales in
3  certain areas, failed to implement riparian restoration projects in a reasonable amount of
4  time, failed to comply with the deadlines for drafting and implementing a stormwater
5  management plan, and failed to provide biannual reports regarding defendant's progress,
6  all in violation of the MCD. Defendant's purported compliance with its 2004 obligations
7  does not achieve or substantially achieve the purpose of the MCD, which was to
8  mitigate alleged damages to water quality in Silver Creek by requiring specific
9  protective and remedial activities on a much faster time line than defendant had
10 undertaken in the past.
11     In the alternative, defendant requests that the Court clarify and/or modify the
12 MCD to state that compliance requires no more than what defendant was willing to
13 propose in its 2018 annual projects letter to the Forest Service. It is clear that defendant
14 would like to design and construct the stormwater management plan and complete the
15 riparian restoration projects in accordance with its own preferences and on its own
16 schedule. As discussed at oral argument, the Court is willing to entertain the idea that
17 certain proposals, like the installation of quarry spalls and wetland plants in collection
18 swales, are the best way to mitigate discharges to Silver Creek and would justify
19 modification of the MCD. Defendant has not, however, provided any data or
20 information regarding the scope, much less the benefits, of the proposed modifications
21 other than to say that the proposals garnered "no opposition from the Forest Service."
22 Dkt. # 47 at 3. Defendant cannot rely on Forest Service approval, much less mere
23 acquiescence, to justify a modification of the MCD. Defendant agreed to design and
24 implement certain protective projects. To the extent it seeks a modification of that
25 agreement, it must explain why its preferred substitution is more beneficial than the
26 original plan or, at the very least, why the original agreement is impossible,

unnecessarily burdensome, or prohibited by the governing regulatory agencies.[2]

Defendant essentially wants the Court to approve its unilateral changes to the design and implementation of the stormwater management plan based on nothing more than the fact that the Forest Service has been willing to accede to the proposals it has made in its annual projects letters. The fact that defendant has been proposing projects that do not satisfy or substantially comply with the MCD is no reason to alter or amend the parties' negotiated settlement or the Court's order. Defendant's motion for a declaration of substantial compliance or, in the alternative, for clarification/modification (Dkt. # 46) is DENIED.

Dated this 29th day of May, 2018.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

---

[2] Defendant's 2018 projects letter informs the Forest Service that the initial conceptual design for the stormwater management plan "has been modified so that it delivers the best system in light of geologic and space constraints, as well as snowpack" and assures the Forest Service that defendant evaluated alternative installations that meet the requirements of the 2004 ROD. Dkt. # 47 at 7. This conclusory presentation of and justification for proposed alterations to the MCD is insufficient. Where details of the evaluative process are provided, one could reasonably conclude that defendant has prioritized parking spaces, snow storage, and other operational concerns over environmental protection.

ORDER
-3-